UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

   v.                                        **DECISION AND ORDER**
                                                13-CV-810S

E.I. duPONT de NEMOURS AND COMPANY,

                Defendant.

1.      In August 2013, Plaintiff, on behalf of the U.S. Environmental Protection Agency ("EPA"), filed a complaint against Defendant alleging violations of the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*, and the Emergency Planning and Community Right to Know Act ("EPCRA"), 42 U.S.C. § 11001, *et seq.* (Docket No. 1.) As alleged therein, Defendant's violations include the failure to properly establish, maintain, and report on operating parameters for pollution control equipment as required by regulations and Defendant's Title V permit.  Plaintiff concurrently filed a proposed consent decree signed by the parties resolving the issues in the nascent litigation. (Docket No. 4.)  As required by 28 C.F.R. § 50.7, the consent decree was then published in the Federal Register and made available for public comment for a period of 30 days.  Having considered the comments submitted during that period, Plaintiff now moves this Court for approval and entry of the consent decree.  (Docket No. 5.)

2.      Approval of a proposed consent decree falls squarely within a court's discretion and should be considered in light of the strong policy of encouraging voluntary settlement of litigation.  See United States v. Hooker Chems. & Plastics Corp., 776 F.2d 410, 411 (2d Cir. 1985).  In examining a proposed consent decree in the environmental

context, a court must satisfy itself that the settlement is reasonable, fair, and consistent with the purposes of the statutes under which the case was brought.  See United States v. Alliedsignal, Inc., 62 F. Supp. 2d 713, 719 (N.D.N.Y. 1999) (citing United States v. Cannons Eng'g Corp., 899 F.2d 79, 85 (1st Cir. 1990)).

3.      The general requirements governing approval of consent decrees must also be satisfied.  That is, the proposed consent decree must (1) arise from and resolve a dispute over which the court has subject matter jurisdiction, (2) fall within the scope of the case made by the pleadings, and (3) further the objective of the law upon which the complaint was based.  See Kozlowski v. Coughlin, 871 F.2d 241, 244 (2d Cir. 1989); United States v. City of New York, 30 F. Supp. 2d 325, 330-31 (E.D.N.Y. 1998). "Acceptance of a settlement agreement is especially appropriate 'where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field.' " City of New York, 30 F. Supp. 2d at 331 (quoting Cronin v. Browner, 898 F. Supp. 1052, 1063 (S.D.N.Y. 1995)).  Nonetheless, although a reviewing court may not substitute its judgment for that of the parties to the decree, it must "assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable, or against public policy." United States v. Hooker Chems. & Plastics Corp., 540 F.Supp. 1067, 1072 (W.D.N.Y. 1982). Here, although the Plaintiff's factual allocution is at times sparse, this Court is satisfied that the consent decree meets these requirements.

4.      This Court finds that the settlement as reflected in the consent decree is reasonable, fair, and consistent with the purposes of these statutes.  "Congress enacted the Clean Air Act to address the increasingly grave threat of air pollution to the

environment, public health and the general welfare of the nation." <u>State of Vt. v. Thomas</u>, 850 F.2d 99, 100 (2d Cir. 1988); <u>see</u> 42 U.S.C. § 7401. In support of that goal, Section 112 of the CAA authorizes the promulgation of emission and work practice standards to control the emission of certain hazardous air pollutants. <u>See generally</u> 42 U.S.C. § 7412. Title V of the same act establishes an operating permit program for certain sources of hazardous air pollutants, such as Defendant's manufacturing facility. <u>See generally</u> 42 U.S.C. § 7661. The Emergency Planning and Community Right to Know Act "embodies two fundamental objectives: public access to information concerning hazardous chemicals in the community and use of this information to formulate and administer local emergency response plans in case of a hazardous chemical release." <u>Atlantic States Legal Fdtn. v. Whiting Roll-Up Door Mfg. Corp.</u>, 772 F. Supp. 745, 751 (W.D.N.Y. 1991); <u>see</u> <u>Williams v. Leybold Tech., Inc.</u>, 784 F. Supp. 765, 768 (N.D. Cal.1992).

5.      First, the consent decree is reasonable and consistent with the objectives of both Acts. Defendant's obligations, such as the requirement of additional stack and performance testing, are aimed specifically at rectifying the noncompliance and transparency issues alleged in the complaint, thereby furthering the public health, welfare, and information accessability goals of the applicable statutes. Further, the civil penalty is significant enough to promote compliance by other regulated entities. Plaintiff has also considered the costs of seeking enforcement through litigation rather than by consent, as well as the risks to and delay of that enforcement that could result from the assertion of affirmative defenses during protracted litigation. <u>See</u> <u>Cannons Eng'g</u>, 899 F.2d at 90 ("the reasonableness of a proposed settlement must take into account foreseeable risks of loss").

6.      Second, the decree is procedurally fair.  "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance."  See id. at 86.   Here, the parties agree that this consent decree is the result of a good-faith, arms-length negotiation between parties represented by counsel experienced in environmental issues. The proposed decree was then published for a 30-day comment period to allow for public consideration and input. This Court is therefore satisfied that the consent decree is procedurally sound.

7.      Third, this Court finds that the terms of the consent decree are substantively fair.  The terms of the consent decree are substantively fair if they account for the comparative strength of the parties' cases; the likely complexity and cost of litigation; and the comparative fault and apportionment of liability in relation to a rational estimate of the harm caused. United States v. Fort James Operating Co., 313 F. Supp. 2d 902, 908 (E.D.Wis. 2004) (citing Cannons Eng'g, 899 F.2d at 87).  Review of the consent decree reveals that comparative fault has been considered, as well as the risks of litigating the claim and the relative costs and benefits of litigation versus settlement.  Further, it is clear that Plaintiff has considered both those public comments in support of this resolution, including those submitted on behalf of the Clean Air Coalition, the Western New York Council on Occupational Safety and Health, and the Steelworkers Local 6992,  as well as those criticizing the civil penalties contained therein as too lenient. Thus, this Court finds that the parties have fully considered the relevant issues, and further finds no reason to deviate from the general standard of affording deference to the expertise of the EPA in such matters.  See Cannons Eng'g, 899 F.2d at 83.

8.      For the reasons discussed above, this Court finds that the consent decree

is reasonable, fair, and consistent with both the Clean Air Act and Emergency Planning and the Community Right to Know Act.  The consent decree is therefore approved.


IT HEREBY IS ORDERED, that the Motion for Entry of the Consent Decree (Docket No. 5) is GRANTED and the Consent Decree is APPROVED and ORDERED by this Court;

FURTHER, that a copy of the Consent Decree signed by this Court shall be filed along with this order;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:   July 16, 2014
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court